O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANET LEE OSBORNE, | ) | CASE NO. CV 13-01150 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

Did the Administrative Law Judge commit error in concluding that Plaintiff Janet Lee Osborne was disabled as of March 9, 2011 but not before?

Plaintiff sustained an injury to her neck in May 2006, and an MRI was performed at that time. [AR 254-55] A subsequent MRI was performed in 2011. [AR 342-44] Plaintiff claimed an onset date in 2006, but the Administrative Law Judge found Plaintiff disabled only as of March 9, 2011. The Administrative Law Judge said that the medical evidence was too skimpy before then, a conclusion that was bolstered by scant treatment, discounted opinion by a non-medical source chiropractor, a consultant's opinion in connection with these proceedings, and the Administrative Law Judge's skepticism about Plaintiff's credibility prior to March 2011. [AR 17-18]

In *Armstrong v. Commissioner of Social Security*, 160 F.3d 587 (9th Cir. 1998), the Court ruled that an Administrative Law Judge is required to call a medical expert

to determine the onset date of disability when a claimant is disabled, but the onset date is unclear.  The Court referred to an internal Social Security regulation on the subject, SSR 83-20, which it had construed in an earlier case, *DeLorme v. Sullivan*, 924 F.2d 841 (9th Cir. 1991).  As the Court noted in *Armstrong*, *DeLorme* held that an administrative law judge was *required* to use a medical advisor if the medical evidence is not definite concerning the onset date and inferences need to be made.  *Armstrong*, 160 F.3d at 590 (citing *DeLorme*, 924 F.2d at 848, and also referencing *Morgan v. Sullivan*, 945 F.2d 1079 (9th Cir. 1991)).

Here, there was an MRI of Plaintiff's cervical spine in 2006 which showed certain damage, and an MRI in 2011 which also showed damage.  No medical expert compared the two, or explained the significance of the first.  The chiropractor who treated Plaintiff after the first MRI felt that Plaintiff's functionality was significantly compromised and, while the Administrative Law Judge was correct that a chiropractor is not a medical doctor, the significance of his opinion is that it *was* competent evidence to demonstrate that the onset date was not definite.  The consultant who examined Plaintiff during these proceedings did not view the 2006 MRI, and gave no opinion as to an onset date.  [AR 294-96]  The other factors identified by the Administrative Law Judge did not make the onset date definite; they just called it into question.

Under the circumstances of this case, then, the Administrative Law Judge committed an error of law in not complying with the teaching of *Armstrong* and *DeLorme*.  The matter therefore must be remanded to the Commissioner who should consult with a medical advisor as to the onset date.  This resolution of the case before the Court makes it unnecessary for the Court to consider Plaintiff's other assertions of error.  On remand,

///

///

///

///

///

the Administrative Law Judge may choose to revisit those matters if it seems appropriate to do so.

IT IS SO ORDERED.

DATED:   November 19, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE